Hawes, J.
— The affidavit of George W. Moore, jr., alleges that he had a conversation with defendant and that he informed him that he was going to Europe. The affidavit of John L. Stroub alleges the causes of action, which appear to be for damages for breach of contract and the balance of a loan, and that defendant told him that he was making preparations to go to Europe. Ho further information was derived from defendant, so far as appears, as to what he had done or was doing. The going to Europe, taken by itself, furnished no ground of arrest. The witness Stroub, however, alleges “ that he has and is about to take with him all his money and property and all the money and property of his wife.” Is this an allegation of any fact or circumstance which furnishes the court with information that the defendant intends to do so ? It would seem to be a conclusion reached by the plaintiff, but what information has the court of his purpose ? He *401 furnishes no evidence whatever. There is no statement of the defendant to that effect. He does not refer to any act of the defendant which would justify the conclusion reached. The mere fact that he is going to Europe in company with his wife would give rise to no such inference, and every presumption must be held to be in favor of an honest and not of a dishonest purpose. Besides, there can be no presumption of a fact in regard to which no evidence is offered, and the mere statement of a witness as to a defendant’s purpose is valueless as establishing facts which would justify an inference of fraud. There is no evidence that he had any money or property, or that it was of any value. Can I hold on such a statement that a fraudulent intent to cheat has been established, especially in view of the fact that the plaintiff’s statements, although admitted to be true, are to be most strictly construed against him ? This is the only vital allegation in the moving papers, and if I was convinced that the fact that he was about to take all his property to Europe was established by legal proof, I should feel justified in holding this order, but I cannot deem the plaintiff’s bare and unsupported assertion of his opinion upon that question sufficient for that purpose. The fact that defendant said that he would not pay the plaintiff, and that he could not get the money furnishes no ground of arrest, even when coupled with the admitted assertion that he was going to Europe (Hathorn agt. Hall, 4 Abb. R., 228). The intention of the pleader was doubtless to establish a cause of arrest under subdivision 2 of section 550, which is that he has removed, or is about to remove, his property,, with intent to defraud his creditors, and the only evidence submitted is that defendant said that he would not pay plaintiff; that he was going to Europe, and the opinion of plaintiff that he was about to take away all his money and property. This is admittedly all that appears upon the record, and under such facts I cannot hold that a valid ground of arrest has been established.
Motion to vacate arrest granted, with costs.